IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT H. DAVIS, 36428-037 | : |
|     Petitioner | :   CIVIL ACTION NO. PJM-09-1961 |
|     v. | : |
| UNITED STATES OF AMERICA | : |
|     Respondent | |

## MEMORANDUM OPINION

Robert H. Davis, a federal inmate, requests correction of his Pre-Sentencing Report records pursuant to the Privacy Act, 5 U.S.C. 552a (d) (2). Paper No. 1. The Court is in receipt of the Government's Response and Motion to Dismiss, Paper No. 3, and Davis's opposition.[1] Paper Nos. 5 and 12. Petitioner has also filed a Motion for Summary Judgment (Paper No. 7), Motion for Injunctive Relief( Paper No. 8), and Motion for Declaratory Judgment. For the reasons that follow, Respondent's Motion to Dismiss shall be granted. Petitioner's Motions for Summary Judgment, Injunctive Relief, and Declaratory Judgment shall be denied. No hearing is necessary.

**1. Factual background**

Petitioner is an inmate currently confined at the United States Penitentiary at the Federal Correctional Complex in Coleman, Florida, serving a life sentence. Paper No. 3, Ex. 2. Petitioner's convictions were entered by this Court in 2001. *See United States v. Dillard, et al.*, Criminal No.

---

[1] Petitioner has filed a Motion for Entry of Default Judgment. Paper No. 6. The Motion shall be denied, as Petitioner is mistaken in his belief that the Government failed to timely respond to the Court's Order to Show Cause or otherwise failed to address his complaint.

Petitioner has also filed a "Motion for Opposition to the Defendant's Reply Brief" (Paper No. 16) and Amended Motion to Correct Clerical Error in the Presentence Investigation Report. Paper No. 17. To the extent Petitioner intends to have these motions amend his original filings and raise new claims, the motions are denied. To the extent the motions can be considered as raising additional arguments in support of Petitioner's initial filings they have been considered by the Court as supplements to Petitioner's opposition to Defendant's Motion to Dismiss. Additionally, Petitioner is advised that because his claims regarding the admissibility of prior convictions for sentencing purposes are claims that he raised in prior appeals or proceedings stemming from his criminal case, they are barred by the doctrine of *res judicata* and may not be brought anew. *See Meekins v. Untied Transp. Union,* 946 F. 2d 1054, 1057 (4th Cir. 1991).
    Further, to the extent Petitioner believes that his sentence should be modified, such claims may only be made in the context of a habeas petition filed pursuant to 28 U.S.C. 2255. As Petitioner has previously filed a motion under 2255 he must receive a certificate of appealability from the Fourth Circuit in order bring a second or successive habeas petition.

PJM-00-424 (D. Md.) On September 2, 2008, Petitioner filed a motion seeking to have his presentence report ("PSR") changed because, he maintained, it contained inaccurate information and caused him adverse consequences in his current incarceration. The undersigned dismissed the motion without prejudice based on Petitioner's failure to exhaust his administrative remedies, and noted that that the suit would likely be barred as PSR records are exempt from the Privacy Act. *Id.,* Paper No. 580.

Plaintiff has exhausted his administrative remedies. As a result of raising the issue of inaccuracies in his PSR with Bureau of Prison ("BOP") officials in Coleman, the BOP, following internal procedures, contacted the United States Probation Officer ("USPO") to determine if Petitioner's PSR was accurate or whether amendments/corrections were necessary. Paper No. 1, Paper No. 3, Ex. 4.

The USPO responded to the inquiry by indicating that Petitioner's PSR was accurate and Petitioner's challenge related to the dismissal of a probation violation did not affect the validity of the challenged portions of the PSR. Paper No. 3, Ex. 5 The USPO further observed that the challenged sections did not add additional criminal history points to Petitioner's sentence calculation, were not used to apply any sentencing enhancements, and did not form the basis for any of the prior convictions which subjected Petitioner to a life sentence. *Id*. After receipt of the USPO's response the BOP notified Petitioner that it had taken steps to ensure the accuracy of his records and found no basis to make any changes. Paper No. 1, Attachment.

**2.    Standard of Review**

a. Summary Judgment

>    Fed. R. Civ. P. 56(c) provides that summary judgment:
>
>>        should be rendered if the pleadings, the discovery and disclosure
>>        materials on file, and any affidavits, show that there is no genuine
>>        issue as to any material fact and that the moving party is entitled to a
>>        judgment as a matter of law.

---

Defendant's Motion to Stay (Paper No. 13) shall be denied as moot.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

b. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**3.      Analysis**

Davis's attempt to seek injunctive relief under the Privacy Act is without merit. A prisoner is not entitled to injunctive relief to correct allegedly inaccurate information maintained in his file. *See* 5 U.S.C. § 552a (j)(2); 28 C.F.R. § 16.97; *Sellers v. Bureau of Prisons*, 959 F.2d 307, 309 (D.C.Cir.1992); *Doyon v. Dep't of Justice*, 304 F. Supp.2d 32, 34 (D.D.C.2004). The Privacy Act permits federal agencies to enact regulations exempting themselves from various provisions of the Privacy Act. *See* Section 5 U.S.C. § 552 a(j)(2). Pursuant to 28 C.F.R. § 16.97, the Bureau of Prisons exempted its Central Record System, where pre-sentence reports are maintained, for the provisions of the Act. As a result, Petitioner is not entitled to the relief sought under the Privacy Act.

A separate Order follows.

May 17, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE